**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT SELIAN,**

               **Plaintiff,**            **3:10-cv-1400
                                                               (GLS)**

        v.

**MICHAEL ASTRUE,** Commissioner of
Social Security,

               **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Lachman, Gorton Law Firm           PETER A. GORTON, ESQ.
P.O. Box 89
1500 East Main Street
Endicott, NY 13761-0089

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN     ROBERT R. SCHRIVER
United States Attorney               Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Mary Ann Sloan
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe
Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Robert Selian challenges the Commissioner of Social Security's denial of disability insurance benefits (DIB), seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (*See* Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering the arguments, the court affirms the Commissioner's decision and dismisses Selian's complaint.

## II. Background

On February 8, 2007, Selian filed an application for DIB under the Social Security Act ("Act"), alleging disability since June 30, 2001. (Tr.[1] at 10.) After his application was denied, Selian requested a hearing before an Administrative Law Judge (ALJ), which was held on April 29, 2009. (*Id.*) On July 23, 2009, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final decision upon the Social Security Administration Appeals Council's denial of review. (*Id.* at 1-4, 10-21.)

Selian commenced the present action by filing a complaint on

---

[1] "(Tr. )" refers to the page of the Administrative Transcript in this case. (*See* Dkt. No. 10.)

2

November 19, 2010, seeking review of the Commissioner's determination.[2] (Compl., Dkt. No. 1.) The Commissioner filed an answer and a certified copy of the administrative transcript. (Dkt. Nos. 9, 10.) Each party, seeking judgment on the pleadings, filed a brief. (Dkt. Nos. 15, 16.)

### III. Contentions

Selian contends the Commissioner's decision is not supported by substantial evidence. Specifically, Selian claims the ALJ: (1) did not properly assess the medical evidence; and (2) failed to appropriately determine his Residual Function Capacity ("RFC").[3] (*See* Dkt. No. 15 at 1, 9-16.) The Commissioner counters that substantial evidence supports the ALJ's decision. (*See generally* Dkt. No. 16.)

### IV. Facts

The evidence in this case is undisputed and the court adopts the parties' factual recitations. (*See* Dkt. No. 15 at 1-9; Dkt. No. 16 at 1-10.)

### V. Standard of Review

The standard for reviewing the Commissioner's final decision under

---

[2] Selian refers to supplemental social security income ("SSI") in paragraph 1 of the Complaint, however, it does not appear that his application contains a request for SSI and thus, it will not be discussed. (*See* Compl. ¶ 1; Tr. at 100.)

[3] Selian's first and third points are repetitive and will not be addressed separately. (*See* Dkt. No. 15 at 9-16.)

3

42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI.  Discussion

### A.  Medical Evidence Assessment

Selian claims the ALJ did not "properly assess" the opinions of Drs. Naughton, Corey and Noia, as well as Selian's "psychiatric providers." (*See* Dkt. No. 15 at 9-16.)  The court disagrees.

Simply put, Selian's arguments with respect to Drs. Naughton and Noia are meritless.  First, Selian alleges the ALJ failed "to explain why it was that she refused to include the limitations in [Dr. Naughton's] report." (Dkt. No. 15 at 10.)  However, as the Commissioner aptly notes, the ALJ's decision, albeit not verbatim, adopted the limitations recommended by Dr. Naughton.  (*Compare* Tr. at 16, *with* Tr. at 282.)  Likewise, Selian's assertion that the ALJ "failed to include the findings by Dr. Noia or any of the limitations of Dr. Noia" contradicts the record.  (Dkt. No. 15 at 12.)  The

ALJ's decision—which states that Selian "retained the ability (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting"—is essentially identical to Dr. Noia's Medical Source Statement.[4]  (*Compare* Tr. at 16, *with* Tr. at 278.)  Furthermore, the ALJ explicitly stated "that the opinions of Dr. Noia and Dr. Naughten are entitled to the greatest weight" as "the restrictions identified by [them] are consistent with [Selian's] clinical findings and diagnostic studies."  (Tr. at 18-19.)

Finally, Selian's argument regarding the opinions of Dr. Corey and the remaining medical sources is unpersuasive.  (*See* Dkt. No. 15 at 10-14.)  Normally the commissioner is required to give controlling weight to a treating physician's medical opinions if they are supported by acceptable diagnostic techniques and *are not inconsistent with other substantial evidence*[5] *in the record.  See, e.g., Halloran v. Barnhart*, 362 F.3d 28, 32

---

[4] Among other things, Dr. Noia opined that Selian was capable of: "understanding and following simple instructions and directions[;] . . . performing simple and some complex tasks with supervision and independently[; and] . . . maintaining attention and concentration for tasks."  (Tr. at 278.)

[5] "Substantial evidence is defined as more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept to support a conclusion."  *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotations omitted).

(2d Cir. 2004).  However, the "ultimate finding of whether a claimant is disabled and cannot work . . . [is] reserved to the Commissioner."  *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (quotation marks and citation omitted).  "That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions as to whether those data indicate disability."  *Id.*  As such, a treating physician's disability assessment is not determinative.  *See id.*; *see also* 20 C.F.R. § 404.1527(e).

Here, the ALJ found that Dr. Corey's report, which describes Selian's condition as "largely subjective in nature," was "inconsistent with diagnostic studies, clinical findings and the reports of other physicians participating in [Selian's] health care."[6]  (*See, e.g.,* Tr. at 18-19, 350); *see also* 20 C.F.R. § 404.1527(d)(4) (stating "the more consistent an opinion is with the record as a whole, the more weight" it will be given).  Moreover, with respect to the opinions of the remaining medical sources Selian cites in his brief,

---

[6] Although properly substantiated, the ALJ failed to explicitly state the weight given to Dr. Corey's opinion, a point Selian argues requires reversal.  (S*ee* Dkt. No. 15 at 11.)  In spite of this omission, it is clear from the ALJ's decision that she afforded Dr. Corey's opinion little to no weight.  (*See* Tr. at 19.)  Because the ALJ "'traversed' the 'substance of the treating physician rule,'" the court declines to remand solely on this basis.  *See Conte v. Astrue*, No. 08-cv-1185, 2010 WL 2730661, at *6 (N.D.N.Y. June 21, 2010) (Bianchini, M.J.) (citing *Halloran*, 362 F.2d at 32); *accord Lazore v. Astrue*, No. 10-4959-cv, 2011 WL 5142675, at *3 (2d Cir. Oct. 31, 2011).

6

including Virginia Bronson, the ALJ's decision is clear.  (*See* Dkt. No. 15 at 12-14, Tr. at 16-19.)  These opinions, some of which address periods outside the relevant timeframe, were accorded appropriate weight based on their consistency with the record as a whole.  (*See, e.g.,* Tr. at 16-19); *see also Petrie v. Astrue*, No. 08-cv-1289, 2009 WL 6084277, at *7 (N.D.N.Y. Nov. 10, 2009) (Bianchini, M.J.) ("[T]he focus on inquiry must be on the actual period of disability at issue.").

In sum, the court discerns no error in the ALJ's assessment of the medical evidence in the record, and concludes the ALJ's decision is supported by substantial evidence.

## B.  RFC Determination

Selian next claims the "ALJ's psychiatric RFC conflicted with her own factual findings."  (Dkt. No. 15 at 14.)  As construed by the Commissioner, this appears to be a challenge to the ALJ's mental RFC assessment.  (*See id*; Dkt. No. 16 at 20-22.)  Notwithstanding Selian's failure to cite legal authority or any portion of the transcript except the ALJ's decision to support his argument, the court nonetheless reviews the ALJ's mental RFC assessment to ensure it is supported by substantial evidence.

A claimant's RFC "is the most [he] can still do despite [his]

7

limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence in the record. *See* 42 U.S.C. 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

Here, the ALJ's decision examined the relevant factors in reaching an RFC determination—principally relying on the opinion of Dr. Noia. (Tr. at 16-17, 275-78.) Despite Selian's conclusory allegation to the contrary, (*see* Dkt. No. 15 at 14), the record as a whole demonstrates the ALJ's RFC assessment is supported by substantial evidence and is thus conclusive. *See Alston*, 904 F.2d at 126; *Perez*, 77 F.3d at 46.

## C.  Remaining Findings and Conclusions

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and

8

Selian's complaint is **DISMISSED**; and it is further

      **ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

January 23, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court